IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00304-MSK-MEH

JERRY J. CUNNINGHAM,

    Plaintiff,

v.

CITY OF ARVADA,

    Defendant.

---

**ORDER ON DEFENDANT'S MOTION TO STAY**

---

Before the Court is Defendant's Fed. R. Civ. P. 12(b)(1) Motion to Dismiss and Request to Stay Proceedings [filed February 27, 2012; docket #5]. The matters have been referred to this Court for disposition and recommendation [docket #10]. The Court will reserve its recommendation on the motion to dismiss, and for the reasons that follow, Defendant's motion to stay is **denied**.

**I.**     **Background**

Plaintiff instituted this action on February 6, 2012, and is proceeding *pro se*. In essence, Plaintiff alleges that he was subjected to unequal terms and conditions of employment because of his sexual orientation, and to retaliation for engaging in protected activities. *See* Complaint [docket #1]. On February 27, 2012, Defendant responded to the Complaint by filing the present Motion to Dismiss and Motion to Stay Proceedings, alleging for the request to stay that "Defendants [sic] should not be subjected to suit until the fundamental issue of jurisdiction is resolved." *See* docket #5 at ¶ 13. Plaintiff opposes the Defendant's request to stay.

**II.**     **Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Here, Defendant seeks protection from the burden of discovery at this stage in the case. A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007). In this matter, staying the case while Defendant's motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability.

A party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements. *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008). The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection. *Id.*; *see also Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002). In this matter, Defendant articulates no reason (other than the pending jurisdictional issue) for a stay, but claims that a stay of proceedings is warranted "as a matter of equity and to save the resources of this Court as well as the parties." Docket #5 at ¶ 13. However, defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs. *See Chavez, supra*. Here, there is no evidence of a special burden on the Defendant.

Generally, it is the policy in this district not to stay discovery pending a ruling on motions to dismiss. *See Ruampant v. Moynihan,* 2006 U.S. Dist. LEXIS 57304, *4-5 (D. Colo. Aug. 14,

2006). This is particularly true in cases like this one, pending before Judge Krieger, who instructs the parties that motions having the effect of delaying proceedings may "adversely affect the scheduling of the case or other cases." MSK Practice Stds., II.G. Consequently, the general interests of controlling the court's docket and the fair and speedy administration of justice require that the present motion to stay proceedings be denied.

**III.    Conclusion**

Accordingly, for the reasons stated above, the Court ORDERS that, for the Defendant's Fed. R. Civ. P. 12(b)(1) Motion to Dismiss and Request to Stay Proceedings [filed February 27, 2012; doc #5], the Court will reserve recommendation on the motion to dismiss and **deny** the motion to stay proceedings.

Dated at Denver, Colorado, this 26th day of April, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

3