IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00304-MSK-MEH

JERRY J. CUNNINGHAM,

      Plaintiff,

v.

CITY OF ARVADA,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant's Fed. R. Civ. P. 12(b)(1) Motion to Dismiss and Request to Stay Proceedings[1] [filed February 27, 2012; docket #5]. The motion is referred to this Court for recommendation. (Docket #10.) Oral argument would not materially assist the Court in its adjudication. For the reasons that follow, the Court respectfully recommends that the District Court **GRANT IN PART AND DENY IN PART** the Defendant's motion to dismiss.[2]

---

[1]Defendant's request to stay proceedings was adjudicated by this Court on April 26, 2012. (Docket #13.)

[2]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140,

## BACKGROUND

### I.   Statement of Facts

The following are factual allegations made by the Plaintiff in his Complaint and offered by the Defendant for jurisdictional analysis.  These allegations are taken as true for analysis under Fed. R. Civ. P. 12(b)(1) pursuant to *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).

Additionally, as set forth below, these factual allegations are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court must limit its review to the four corners of the complaint, but may also consider documents attached to the complaint as exhibits, *Oxendine v. Kaplan,* 241 F.3d 1272, 1275 (10th Cir. 2001), as well as unattached documents which are referred to in the complaint and central to the plaintiff's claim, so long as the authenticity of such documents is undisputed.  *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir. 2002).

The Plaintiff alleges that he was an employee of the Defendant beginning in 2006 until his termination on December 27, 2010.  The Plaintiff's supervisor became aware of his sexual orientation in January 2010.  Thereafter, Plaintiff was placed on administrative leave in March 2010. On June 14, 2010, the Plaintiff had his terms and conditions of employment altered in several ways, including:  Defendant assigned Plaintiff specific lunch and work hours, Defendant prohibited Plaintiff from using compensatory time without prior written approval, Defendant required Plaintiff to subtract earned hours from his timecard, and Defendant moved Plaintiff's office into the reception area .  On June 23, 2010, the Plaintiff filed an internal discrimination complaint and on September

155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

7, 2010, he received notice that the allegations in his complaint were considered unfounded.  On October 19, 2010, the Plaintiff was demoted and, on December 27, 2010, he was terminated from employment.

## I.    Procedural History

On February 6, 2012, Plaintiff, proceeding *pro se*, initiated this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §2000e ("Title VII"), by filing a Complaint seeking compensatory and punitive damages from Defendant for allegedly discriminating against him in his employment, based upon his sexual orientation, and for retaliating against him for participating in protected activities.  (Docket #1.)  The Plaintiff asserts no claims other than those pursuant to Title VII.

On February 27, 2012, Defendant filed the present motion to dismiss Plaintiff's claims asserting that this Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Defendant argues that Plaintiff's Notice of Right to Sue letter instructs the Plaintiff that he can only bring suit in a Colorado state district court and that Colo. Rev. Stat. §24-34-306(2)(b)(I)(B) requires the same.  On March 6, 2012, Plaintiff filed a response to Defendant's motion arguing that the Notice of Right to Sue letter he received from the Colorado Division of Civil Rights, dated November 8, 2011, instructed him that, "If the Charging Party wishes to file a civil action in a district court in this state...s/he must do so: Within ninety days of the mailing of this notice." Plaintiff construed this language to mean that filing with this Court within ninety days met the statutory filing requirement of Colo. Rev. Stat. §24-34-306(2)(b)(I)(B & C), which is referenced in the Notice of Right to Sue.  (*See* docket #6.)  Defendant filed a reply brief in support of the motion on April 2, 2012 essentially arguing that Plaintiff misconstrued the language contained in the Notice

of Right to Sue, and repeating its argument that the statute requires the Plaintiff file his Complaint

with a Colorado state district court.  (Docket #7.)

## LEGAL STANDARDS

### I.      Dismissal under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter

jurisdiction."  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the

merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the

matter.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are

courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do

so).  A court lacking jurisdiction "must dismiss the cause *at any stage* of the proceeding in which

it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906,

909 (10th Cir. 1974) (emphasis in original).  A Rule 12(b)(1) motion to dismiss "must be determined

from the allegations of fact in the complaint, without regard to mere conclusory allegations of

jurisdiction."  *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  The burden of establishing

subject matter jurisdiction is on the party asserting jurisdiction.  *See Basso*, 495 F.2d at 909.

Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction

to hear his claims.  Further, under a 12(b)(1) motion, "a court has 'wide discretion to allow

affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional

facts."  *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (quoting *Holt v. United States*,

46 F.3d 1000, 1003 (10th Cir. 1995)).  In such an instance, "a court's reference to evidence outside

the pleadings does not convert the motion into a Rule 56 motion."  *Id.*

4

## II.      Dismissal under Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).   Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

The Rule 12(b)(6) evaluation requires two prongs of analysis.   First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 1949–51.   Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951.   If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.   However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.

The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).   "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.   "[W]here the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

Notably, "[u]nder Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon." *McKinney v. Oklahoma, Dept. of Human Services, Shawnee, OK*, 925 F.2d 363, 365 (10th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). However, the Tenth Circuit has adopted the D.C. Circuit's reasoning "that a trial court may dismiss a claim *sua sponte* without notice 'where the claimant cannot possibly win relief.'" *Id.* (quoting *Baker v. Dir., United States Parole Comm'n*, 916 F.2d 725 (D.C. Cir. 1990). Specifically, the Tenth Circuit found that dismissal for failure to state a claim *sua sponte* "is not reversible error when it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile." *McKinney*, 925 F. 3d at 365; *see also Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (a *sua sponte* dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" (quoting *Hall*, 935 F.2d at 1110) (additional quotation marks omitted)).

## III.   Dismissal of a *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations

and citations omitted).  The Tenth Circuit interpreted this rule to mean, "if the court can reasonably

read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite

the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor

syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).  However, this interpretation is qualified in that it is not "the

proper function of the district court to assume the role of advocate for the pro se litigant."  *Id.*; *see*

*also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188,

1197 (10th Cir. 1989)).

## ANALYSIS

### I.    Subject Matter Jurisdiction

The Defendant brings its present motion pursuant to Fed. R. Civ. P. 12(b)(1) for lack of

subject matter jurisdiction.  Defendant argues that the Court lacks jurisdiction based on its claim that

the proper place for filing Plaintiff's claims is in a Colorado state court:

> This Court does not have jurisdiction over this case as it should have been filed in a
> Colorado State Court.  There are two reasons for this.  First, the attachments in Mr.
> Cunningham's Complaint tell a potential plaintiff that he must file in State Court.  Second,
> there is a statute on point.  C.R.S. §24-34-306(2)(b)(B) explains: "if the charging party
> wishes to file a civil action in a district court in this state based on the alleged discriminatory
> or unfair practice that was the subject of the charge filed with the commission, he or she
> must do so: Within ninety days after the date the notice..."  A plain reading of Mr.
> Cunningham's Right to Sue letter speaks in terms of state law, not federal law.  There is
> nothing in the Complaint that gives this Court subject matter of the litigation.  It is clear that
> if Mr. Cunningham were to have properly filed a lawsuit, it would have been accomplished
> in state court.

(Docket #5).

The Court is wholly unpersuaded by this argument.  As set forth above, the Plaintiff brought his

claims in this Court pursuant to Title VII.  Title VII is a federal law and claims brought under it in

federal court have proper jurisdiction, as they present a federal question pursuant to 28 U.S.C. § 1331.  Additionally, Title VII specifically addresses where claims under it shall be filed, "Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter." 42 U.S.C.A. §2000e-5(f)(3).  The Plaintiff's claim may or may not be successful under Title VII, but that does not mean this Court does not have subject matter jurisdiction to hear his claim.  Therefore, this Court finds it has proper subject matter jurisdiction over the Plaintiff's Title VII claims.

**II.     Failure to State a Claim**

Although the Defendant's jurisdictional theory fails, this does not end the analysis.  As set forth herein, the Court may dismiss claims *sua sponte* pursuant to Rule 12(b)(6) "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Curley*, 246 F.3d at 1281-82.  Therefore, the Court will proceed to determine whether dismissal is proper pursuant to *Curley*.

    A.     Obvious Failure to Succeed

It is well-established that the Tenth Circuit "has explicitly declined to extend Title VII protections to discrimination based on a person's sexual orientation." *Etsitty v. Utah Transit Auth.*, 502 F.3d 1215, 1222 (10th Cir. 2007), *see also Medina v. Income Support Div.*, 413 F.3d 1131, 1135 (10th Cir. 2005), *Larson v. United Air Lines*, No. 11-1313, 2012 WL 1959471, at *3 n. 1 (10th Cir. June 1, 2012).  Thus, any complaint that alleges discrimination on the basis of sexual orientation in the workplace under Title VII does not state a valid claim.  In this case, the Plaintiff clearly alleges that he suffered discrimination and retaliation on the basis of his sexual orientation and, accordingly, has filed suit under Title VII.  Therefore, this Court finds that the Plaintiff has failed to state a valid

claim because he is not entitled to relief under Title VII.

B.      Futility of Amendment

With the previously stated principles in mind, this Court is charged with the responsibility to identify potential valid claims that the Plaintiff may have based on the allegations made in his Complaint and other filings. After reviewing the pleadings and construing them liberally as I must, this Court has not identified an alternative cause of action for the Plaintiff. The Plaintiff mentions nothing in his Complaint, but references the Equal Protection Clause in his response to the present motion and his belief that it has been violated. (Docket #6 at 5). Additionally, the Plaintiff cites *Hutchinson v. Cuyahoga Cnty. Bd. of Cnty. Comm'rs*, No. 1:08-CV-2966, 2011 WL 1563874 (N.D. Ohio April 25, 2011) (unpublished), where a Plaintiff was allowed to proceed with a sexual orientation discrimination case against a government employer under 42 U.S.C.A. §1983. However, the Plaintiff cites, and this Court has found, no case in the Tenth Circuit, nor from any court in this district, recognizing a § 1983 claim based upon this same legal theory.[3]

As such, this Court cannot recommend that the District Court grant Plaintiff leave to amend his complaint. Granting leave to amend is within the trial court's discretion. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). The Tenth Circuit authorizes trial courts to deny leave to amend if such amendment would be futile. *See Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1389 (10th Cir. 1980). As previously discussed, Plaintiff is not entitled to relief under Title VII and the Court has been unable to identify another cognizable claim. Under no set

---

[3] The Court is aware that district courts in other jurisdictions have found a plaintiff may bring a claim against a government employer for discrimination on the basis of sexual orientation under 42 U.S.C.A. §1983, despite the fact that the same plaintiff may not bring a similar claim under Title VII. *See Weaver v. Nebo Sch. Dist.*, 29 F. Supp. 2d 1279 (D. Utah 1998), *Lovell v. Comsewogue Sch. Dist.*, 214 F. Supp. 2d 319 (E.D.N.Y. 2002), *Dawkins v. Richmond Cnty. Schs.*, No. 1:12 CV 414, 2012 WL 1580455 (M.D.N.C. 2012). However, as set forth herein, this theory has not been recognized by the Tenth Circuit nor by any court in this district.

9

of facts would Plaintiff have a cognizable discrimination claim in this Court under federal law based upon his sexual orientation.  Therefore, this Court finds that it would be futile for Plaintiff to amend his complaint.

Accordingly, the Court finds it has jurisdiction to hear the Plaintiff's Title VII claim, but the Plaintiff has failed to state a valid claim under that statute.  Additionally, the Court has not identified an alternative cause of action based on the Plaintiff's pleadings.  Therefore, the Court respectfully recommends that the District Court grant the Defendants' motion to dismiss the complaint in this action.

## III.   Attorneys' Fees

Finally, the Defendant requests attorney's fees "because Plaintiff that [sic] had the assistance of counsel ... at the Colorado Division of Civil Rights."  However, the Defendant cites no authority for its request and the Court has found none applicable under the circumstances.  Therefore, this Court recommends that the District Court deny the Defendant's motion for an award of attorney's fees.

<u>CONCLUSION</u>

Accordingly, for the reasons stated herein, the Court respectfully RECOMMENDS that the District Court **grant in part and deny in part** Defendant's Fed. R. Civ. P. 12(b)(1) Motion to Dismiss and Request to Stay Proceedings [<u>filed February 27, 2012; docket #5</u>].

Respectfully submitted at Denver, Colorado, this 12th day of June, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

10