**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 12-cv-00304-MSK-MEH

**JERRY J. CUNNINGHAM,**

      Plaintiff,

v.

**CITY OF ARVADA,**

      Defendant.

---

**OPINION AND ORDER ADOPTING RECOMMENDATION AND GRANTING MOTION TO DISMISS**

---

      **THIS MATTER** comes before the Court pursuant to the June 12, 2012 Recommendation (**# 16**) of Magistrate Judge Hegarty that the Defendant's Motion to Dismiss (**# 5**) be granted. More than 14 days have passed and no party has filed objections to that Recommendation under Fed. R. Civ. P. 72.

      Where no party files objections to a Recommendation, the Court applies whatever standard of review to that Recommendation that it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991). Nevertheless, the Court has reviewed the matter under the otherwise applicable *de novo* standard of Fed. R. Civ. P. 72(b).

      The Plaintiff contends that he was discriminated against on the basis of his sexual orientation, and thereafter retaliated against for making a complaint of discrimination on that basis. He commenced this action purporting to bring claims pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* The Magistrate Judge correctly determined that Title VII

does not include sexual orientation as a prohibited basis of discrimination, and further correctly concluded that, to date, the 10th Circuit has not recognized a cause of action for sexual orientation discrimination by a governmental employer.

The Court adds one observation to the Magistrate Judge's well-considered Recommendation.  In attempting to ascertain whether the Plaintiff could allege any cognizable claim based on the facts he describes, the Magistrate Judge did not address whether the Plaintiff could assert a retaliation claim under Title VII.  Although Title VII does not prohibit sexual orientation discrimination, it arguably does prohibit retaliation against persons who file charges of discrimination based on a reasonable, good-faith (albeit mistaken) belief that the complained-of practice was prohibited.  *Clark County School Dist. v. Breeden*, 532 U.S. 268, 270 (2001), citing 42 U.S.C. § 2000e-3(a).  Theoretically, an employee who mistakenly believes that federal law prohibits discrimination on the basis of sexual orientation and files a complaint of discrimination on that ground might contend that he nevertheless engaged in protected conduct under Title VII.  In such circumstances, the critical question would appear to be whether the employee's mistaken belief as to the reach of Title VII was reasonable.  Nevertheless, this Court is aware of no authority adopting this proposition, and indeed, there is some caselaw to the contrary.  *See Hamner v. St. Vincent Hosp.*, 224 F.3d 701, 707 (7th Cir. 2000); *see also Howell v. North Central College*, 331 F.Supp.2d 660, 663-64 (N.D. Ill. 2004) (applying Title IX).  Having entertained this possibility as well, the Court agrees with the Magistrate Judge that the facts alleged by the Plaintiff do not give rise to any cognizable federal claim.

Accordingly, the Court **ADOPTS** the Recommendation **(# 16)** and **GRANTS** the Defendant's Motion to Dismiss **(# 5)**.  The Complaint **(# 1)** is **DISMISSED** for failure to state a

claim, and the Clerk of the Court shall close this case.

Dated this 19th day of August, 2012

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge